UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: JIM M. ALDERMAN,            No. 19-12626-j7

       Debtor.

IVAN P. SERGEJEV,

       Plaintiff,

v.            Adversary No. 20-1003-j

JIM M. ALDERMAN, and
DON ALDERMAN,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff's Supplemental Motion for Summary Judgment ("Supplemental Motion" – Doc. 19). The Court previously granted Plaintiff partial summary judgment,[1] determining that a state court judgment entered after a trial on the merits where Defendants[2] failed to appear had preclusive effect, establishing non-dischargeability of the debt at issue under 11 U.S.C. § 523(a)(6).[3] The Court denied without prejudice that portion of Plaintiff's request for summary judgment premised on a separate Judgment for Attorney Fees entered following the state court trial because Plaintiff did not provide a certified copy of the

---

[1] *See* Memorandum Opinion and Order (Doc. 13) and Partial Summary Judgment (Doc. 14).
[2] Plaintiff filed the state court action and this adversary proceeding against two defendants: Jim Alderman and Don Alderman. Don Alderman has since died. Only Jim Alderman responded to the Supplemental Motion. *See* Doc. 20. Gerald R. Velarde remains counsel of record in this adversary proceeding for both Defendants. The Court will refer to "Defendants" in this Memorandum Opinion and Order even though counsel for Defendants filed the response only on behalf of Jim Alderman.
[3] All future statutory references are to Title 11 of the United States Code.

Judgment for Attorney Fees in support of his motion for summary judgment.[4] Plaintiff attached a certified copy of the Judgment for Attorney Fees to the Supplemental Motion and requests the Court to determine that the attorney's fees awarded by the state court are non-dischargeable. Defendants oppose the Supplemental Motion, asserting that the Judgment for Attorney Fees has no preclusive effect because Defendants were not provided notice of the hearing from which the Attorney Fee Judgment was entered and did not appear or participate in a hearing on attorney's fees.[5] For the reasons explained below, the Court will grant the Supplemental Motion and enter a non-dischargeable judgment in the amount awarded in the Judgment for Attorney Fees.

DISCUSSION

Summary judgment is appropriate when the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a), made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . .[must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Certified copies of documents filed of record in a court proceeding are admissible evidence and may be relied upon in support of summary judgment. Fed.R.Evid. 902(4) (certified copies of public records are self-authenticating); *Gentry v. Szymczyk (In re Szymczyk),* No. 18-11703-j7, 2019 WL 451227, at *2 (Bankr. D.N.M. Feb. 4, 2019). The Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment" when determining whether summary judgment should be granted. *Wolf v. Prudential Ins. Co. of*

---

[4] *See* Memorandum Opinion and Order, pp. 18 – 19 (Doc. 13); Partial Summary Judgment (Doc. 14).
[5] *See* Debtor/Defendant's Response to Plaintiff's Supplemental Motion for Summary Judgment ("Response" – Doc. 20). Plaintiff did not file a reply.

*America*, 50 F.3d 793, 796 (10th Cir. 1995) (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990)).

Plaintiff attached a certified copy of the Judgment for Attorney Fees to the Supplemental Motion. Defendants do not contest the fact that the Judgment for Attorney Fees awarded Plaintiff his attorneys' fees incurred in the state court action. Nor do Defendants assert that the Judgment for Attorney Fees is inadmissible evidence that Plaintiff cannot rely upon in support of summary judgment. Instead, Defendants assert that they were not afforded a full and fair opportunity to litigate the issue of attorney's fees such that Judgment for Attorney Fees has no preclusive effect.

It is correct that issue preclusion under New Mexico law[6] requires that the party against whom issue preclusion is asserted must have had a full and fair opportunity to litigate the issues.[7] Defendants point out that the Judgment for Attorney Fees does not include a specific finding that Defendants were properly noticed. Defendants reason further that absent evidence to demonstrate that Defendants had adequate notice of the hearing that resulted in the Judgment for Attorney Fees, the Judgment for Attorney Fees cannot be given preclusive effect. This Court disagrees.

The Judgment for Damages entered by the state court after a trial on the merits awarded Plaintiff attorneys' fees, but provided that the amount of the fees would be determined upon submission of an affidavit. *See* Judgment for Damages, ¶ 36 (Doc. 11-2) ("[A]ttorney's fees are

---

[6] The Court applies the law of the state in which the prior judgment was entered to determine whether the requirements of issue preclusion have been met. *Shirley v. Lopez (In re Lopez)*, 566 B.R. 255, 260 (Bankr. D.N.M. 2017) ("Bankruptcy courts look to state law to determine whether issue preclusion bars relitigation of an issue in an adversary proceeding.").

[7] "If the movant introduces sufficient evidence to meet all elements of this test [for issue preclusion], the trial court must then determine whether the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior litigation." *Shovelin v. Central New Mexico Elec. Co-op., Inc.*, 1993-NMSC-015, ¶ 10, 115 N.M. 293, 297, 850 P.2d 996, 1000. Once the party asserting issue preclusion has made a prima facie showing, the burden shifts to the opposing party "to show that he or she was not afforded a full and fair opportunity to litigate the issue in the prior proceeding." *Padilla v. Intel Corp.*, 1998-NMCA-125, ¶ 9, 125 N.M. 698, 701, 964 P.2d 862, 865.

3

appropriately awarded under the law and Plaintiff's counsel shall submit an attorney fee affidavit, along with a separate judgment for attorney's fees concurrent with the affidavit."); Judgment for Damages, decretal paragraph 6 (granting Plaintiff judgment for "[a]ttorneys fees in an amount to [be] submitted by affidavit."). As the Court previously determined, Defendants had a full and fair opportunity to litigate the issues raised at the trial, but they failed to appear. *See* Memorandum Opinion and Order, p. 13. The trial that resulted in entry of the Damages Judgment afforded Defendants the opportunity to contest all issues, including whether an award of attorneys' fees should be granted.

The Judgment for Attorney Fees recites that the matter came before the state court for trial on April 19, 2018, that Defendants did not appear, that the state court waited additional time before beginning the trial, heard witness testimony, saw evidence, including demonstrative videos, and after due consideration, concluded that an award of attorneys' fees was appropriate and would be based on an amount to be submitted by affidavit. *See* Judgment for Attorney Fees, p. 1. The state court then determined based on the affidavit Plaintiff's counsel submitted that an award of $13,557.94 for attorneys' fees and costs would be added to the Judgment for Damages in the amount of $26,965.82 entered previously. *Id.* These findings in the Judgment for Attorney Fees further support this Court's conclusion that the full and fair opportunity afforded to Defendant to contest the attorney fee award occurred at the trial on April 19, 2018. The state court waited to begin the trial in case Defendants were running late. Despite having notice and an opportunity to appear and defend the claims against them, Defendants failed to appear at the trial on the merits held April 19, 2018.

True, the state court entered the Judgment for Attorney Fees based on an affidavit without a further hearing. But the prior Judgment for Damages entered following the trial on the

4

Case 20-01003-j    Doc 21    Filed 08/05/21    Entered 08/05/21 15:47:39 Page 4 of 8

merits already determined that an award of attorney's fees was appropriate with the amount to be fixed based on an affidavit. Defendants had full and fair opportunity at that trial to litigate all issues, including whether Plaintiff should be awarded his attorney's fees and if so to contest the amount. All other elements for issue preclusion are likewise satisfied. The parties in the state court action are the same parties in this adversary proceeding; the state court action involved different causes of action than the non-dischargeability claims raised in this adversary proceeding; the issue of whether attorney's fees should be awarded was actually litigated in the state court action, and the award of attorney's fees was necessarily determined in the state court action in a final judgment.[8] It is, therefore, appropriate to give preclusive effect to the Judgment for Attorney Fees.

As the Court previously determined in its Memorandum Opinion and Order, consistent with the Supreme Court's decision in *Cohen v. de la Cruz*, 523 U.S. 213 (1998), attorneys' fees resulting from litigation of a debt determined to be non-dischargeable under § 523(a)(6) are likewise non-dischargeable when traceable to the non-dischargeable conduct. *See Nolan v. Smith (In re Smith),* 321 B.R. 542, 547-48 (Bankr. D. Colo. 2005) (applying *Cohen* to conclude that the attorney fee award by the state court for a debt determined to be non-dischargeable under § 523(a)(6) was part of the non-dischargeable debt); *Glencove Holdings, LLC v. Bloom (In re Bloom)*, 622 B.R. 366, 435 (Bankr. D. Colo. 2020) ("[T]he debt to be excepted from discharge extends to all liability arising from [the non-dischargeable conduct], including . . . costs and

---

[8] *See Blea v. Sandoval*, 1988-NMCA-036, ¶ 18, 107 N.M. 554, 559, 761 P.2d 432, 437 (the elements necessary for issue preclusion are: "first, the parties in the second suit must be the same or in privity with the parties in the first suit; second, the causes of action must be different; third, the issue or fact must have been actually litigated in the first case; and, fourth, the issue must have been necessarily determined in that case."); *State ex rel. Martinez v. Kerr-McGee Corp.,* 1995-NMCA-041, ¶ 13, 120 N.M. 188, 122, 898 P.2d 1256, 1260 (the precluded issue must necessarily be determined in the first suit in a final judgment).

5

attorneys' fees . . . ."). Thus, the amount awarded by the Judgment for Attorney Fees is part of the non-dischargeable debt because it arises from Defendants' conduct that the Court has determined meets the requirements of § 523(a)(6).

*Defendants' Counterclaim*

Defendants' answer to the Plaintiff's Complaint to Recover Money Damages and for Determination Excepting Debt from Discharge ("Complaint" – Doc. 1) includes a counterclaim (the "Counterclaim"). The Counterclaim alleges that Plaintiff has requested a determination of dischargeability of a consumer debt under § 523(a)(2) and that Plaintiff's position is not substantially justified. The Defendants request the Court to award costs and attorneys' fees in defending this action pursuant to § 523(d). *See* Doc. 4. Plaintiff's Supplemental Motion includes a request for the Court to declare that Plaintiff's claims are substantially justified and to dismiss Defendants' counterclaim.

Section 523(d) only applies to consumer debts for claims asserted under § 523(a)(2). Plaintiff's Complaint included non-dischargeability claims under both § 523(a)(2) and § 523(a)(6) premised on the same conduct and the same state court judgments. *See* Doc. 1. Because the Court determined that the debt at issue is non-dischargeable under § 523(a)(6), it was unnecessary to consider whether the debt is also non-dischargeable under § 523(a)(2).[9] Under these circumstances, the Court declines to apply § 523(d). *See Davis v. Melcher (In re Melcher),* 322 B.R. 1, 11 (Bankr. D.D.C. 2005) (reasoning that because the complaint included a claim under § 523(a)(6), a claim to which § 523(d) is inapplicable, special circumstances existed making an award of attorneys' fees under § 523(d) unjust; the parties would have incurred fees litigating claims under § 523(a)(6) even if plaintiff had not asserted a claim under § 523(a)(2));

---

[9] *See* Memorandum Opinion and Order, p. 15, n. 15.

*Middlefield Banking Co. v. Kassoff (In re Kassoff),* 146 B.R. 194, 201 (Bankr. N.D. Ohio 1992) (determining that an award of fees and costs under § 523(a)(d) would be inequitable where the claim under § 523(a)(2) was litigated in conjunction with six additional non-dischargeability claims to which § 523(d) did not apply).

The Court will grant Plaintiff's motion to dismiss the Counterclaim. Defendants had to defend this adversary proceeding that premised both non-dischargeability claims on the same conduct and the preclusive effect of the Judgment for Damages and Judgment for Attorney Fees. The Court determined that the debt at issue is non-dischargeable under § 523(a)(6) without having to consider whether the debt would also be non-dischargeable under § 523(a)(2)(A). And § 523(d) is inapplicable to non-dischargeability claims under § 523(a)(6).

WHEREFORE, IT IS HEREBY ORDERED that the Supplemental Motion is GRANTED. The attorneys' fees in the amount of $13,557.94 awarded in the Judgment for Attorney Fees are non-dischargeable under § 523(a)(6).

ORDERED FURTHER that Defendants' Counterclaim is DISMISSED.

ORDERED FINALLY, that the Court will enter a separate judgment consistent with this Order.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Court

Date entered on docket: August 5, 2021

COPY TO:

Leslie D. Maxwell
Attorney for Plaintiff
Maxwell & Gilchrist, P.C.
7007 Wyoming Blvd. NE, Ste A-1
Albuquerque, NM 87109

Gerald R Velarde
Attorney for Defendants
The Law Office of Gerald R. Velarde
PO Box 11055
Albuquerque, NM 87192